# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David John Francisco,**
**Petitioner Below, Petitioner**

**vs.)  No. 19-0340** (Mason County 98-P-5)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David John Francisco, by counsel Matthew L. Clark, appeals the order of the Circuit Court of Mason County, entered on March 19, 2019, denying his petition for writ of habeas corpus. Respondent State of West Virginia appears by counsel Andrea Nease-Proper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Francisco was indicted as an eighteen-year-old in 1993 on one count of murder and one count of aggravated robbery under the allegation that he shot Norman Ray Laudermilt, Jr., a stranger to him, six times as Mr. Laudermilt left a shooting range. Mr. Francisco was arrested in Florida a little over two weeks after the murder, while in possession of Mr. Laudermilt's truck. Investigating officers found a diary belonging to Mr. Francisco in which, just twenty-three days before the murder, Mr. Francisco had written of his desire to kill another human being. When questioned by police, Mr. Francisco confessed to killing Mr. Laudermilt. Mr. Francisco's trial counsel later moved to suppress his confessional statement, but the trial court ruled it admissible.

Mr. Francisco pled guilty to first-degree murder and aggravated robbery in 1994, and the trial court sentenced him to terms of imprisonment for life and for forty years for the respective convictions. In exchange for the entry of the guilty plea, the State stood silent on several issues, including the possibility of parole. Nevertheless, the trial court's sentence on the murder conviction was given without mercy. This Court affirmed Mr. Francisco's sentence on his direct appeal in *State v. Francisco*, 199 W. Va. 223, 483 S.E.2d 806 (1996) ("*Francisco I*").

1

Mr. Francisco filed a petition for writ of habeas corpus in 1998. After conducting an omnibus hearing, the circuit court denied the petition in 2019. On appeal, Mr. Francisco asserts nine assignments of error. He argues that the circuit court erred in: 1) determining that Mr. Francisco received effective assistance from his trial counsel; 2) finding that Mr. Francisco "fully understood the consequences" of pleading guilty to the crimes charged; 3) finding that Mr. Francisco benefitted from the plea agreement with the State; 4) finding that trial counsel's failure to move for an order forcing the State's election of the murder theory on which it would proceed to trial was objectively reasonable; 5) finding that trial counsel acted in an objectively reasonable manner in advising Mr. Francisco to enter a guilty plea; 6) not proceeding to consider the effect of trial counsel's performance; 7) concluding that trial counsel's failure to request "ex parte" communications received by the trial court prior to sentencing was not unreasonable; 8) failing to set forth findings of fact concerning those communications; and 9) finding no cumulative error. Our standard of review of these assignments of error is described as follows:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Mr. Francisco's numerous assignments of error all require that we consider the efficacy of his trial counsel, and we do so in light of the following:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Mr. Francisco argues that his trial counsel's deficiency is proven by three specific failures. These asserted failures underpin each of the nine assignments of error described above. He argues, first, that his trial counsel advised him to enter into a plea agreement based on counsel's understanding that the trial court judge had recently attended a conference about youthful offenders and was consequently inspired to sentence young, convicted felons mercifully. He argues, second, that his trial counsel failed to seek an order forcing the State to proceed on the theory of felony murder prior to entering the agreement, thus exposing him to sentencing for both robbery and murder rather than murder alone. Finally, he argues that his trial counsel failed to either request a copy of a letter completed by a Division of Corrections' ("DOC") staff psychologist in response to the trial court's request for guidance, or to object to the trial court's consideration of the letter for purposes of sentencing.

Concerning Mr. Francisco's first argument that he was not adequately advised of his potential exposure in entering a guilty plea, it is apparent on the face of the record that Mr. Francisco explicitly affirmed, in response to the trial court's thorough query, that he understood that he could be imprisoned for the remainder of his life without the possibility of parole. Despite Mr. Francisco's assertion that he was assured of a particular outcome, the transcript of his plea hearing demonstrates that the trial court devoted significant discussion to ensuring Mr. Francisco's understanding that the court retained absolute discretion in sentencing, and that the court's discretion could extend to imposition of the maximum sentence. The circuit court did not err in so finding.

Mr. Francisco's argument that his counsel should have moved the trial court to force the State's election of its theory of murder rests on our holding, made approximately two years before the entry of Mr. Francisco's plea, that

> [t]he State need not elect whether it will proceed on premeditated murder or felony murder until the close of all evidence; however, a defendant may make a motion to force an earlier election if he can make a strong, particularized showing that he will be prejudiced by further delay in electing.

Syl. Pt. 2, *State v. Walker*, 188 W. Va. 661, 425 S.E.2d 616 (1992). We emphasize the requirement that the defendant's showing must be "strong" and "particularized," and note that Mr. Francisco has failed to support his argument with evidence or legal precedent demonstrating that he could meet this standard. We also stress that the forced election is not an instrument designed to strengthen a criminal defendant's bargaining position, but rather to clarify the theory of the conviction. In fact, in a case such as this, where the State's evidence is the same under either theory, the State could submit both distinct theories to the jury because:

> [i]n West Virginia, (1) murder by any willful, deliberate and premeditated killing, and (2) felony murder constitute alternative means under W. Va. Code, 61-2-1 [1987], of committing the statutory offense of murder of the first degree; consequently, the State's reliance upon both theories at a trial for murder of the first degree does not, *per se*, offend the principles of due process, provided that the two theories are distinguished for the jury through court instructions; nor does the absence of a jury verdict form distinguishing the two theories violate due process, where the State does not proceed against the defendant upon the underlying felony.

Syl. Pt. 5, *Stuckey v. Trent*, 202 W. Va. 498, 505 S.E.2d 417 (1998). In consideration of this precedent, it can neither be said that trial counsel's failure to seek a forced election was objectively unreasonable, nor that there is a reasonable probability that Mr. Francisco's outcome would have differed had counsel made such a motion. The circuit court did not err in denying relief on this ground.

Mr. Francisco's third and final category of error is that his trial counsel failed to object to the trial court's consideration of a letter it received from a DOC psychologist that effectively described Mr. Francisco as beyond the reach of rehabilitation. We described the circumstances of

this communication in detail in *Francisco I*. The trial court solicited information to supplement the sentencing recommendation that DOC staff had provided, and advised counsel that it sought the information. Specifically, the trial court inquired about Mr. Francisco's mental state, and whether he was likely to reoffend if released from prison. When the trial court received the response, it placed it under seal. Trial counsel did not review or request the letter. At the time that Mr. Francisco pled and was sentenced, it was broadly understood that Rule 32(b) of the West Virginia Rules of Criminal Procedure precluded the disclosure of certain diagnostic opinions and permitted the concealment of the probation officer's recommendation. With this background, trial counsel's failure to inquire whether the trial court received an answer to its request cannot be characterized as deficient under an objective standard of reasonableness. Mr. Francisco has demonstrated no right to relief on this ground.

We reiterate with respect to each of the factors described above that we find no deficient performance on the part of trial counsel,  and no possibility that the result of these proceedings would differ in any case. The State had voluminous evidence at its disposal to prove that Mr. Francisco effected the cold-blooded murder of Mr. Laudermilt, including Mr. Francisco's own statement and his shocking diary entry. We further note that trial counsel was substantially limited by Mr. Francisco's own expert witness's opinion that it would not have been in Mr. Francisco's interest for his expert to prepare a documentary report of his psychological evaluation. We find no fault in the circuit court's determination that the actions of counsel were strategic and undertaken "in an attempt to secure the shortest possible period of incarceration" where Mr. Francisco had little to no hope of a significantly better outcome.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison